UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LINDA L. SCHULTZ,

Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

No. CV-14-00054-JPH

ORDER ON SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 15, 20. Plaintiff, Ms. Schultz (Schultz) is represented by Dana Madsen. The Defendant (Commissioner) is represented by Special Assistant United States Attorney Brett Eckelberg. The parties have consented to proceed before a magistrate judge. ECF No. 8. On November 10, 2014, the Court entered an order directing Defendant to file an additional record. ECF No. 21. On December 18, 2014, the additional transcript was filed. ECF No. 25. After reviewing the complete administrative record and the parties' briefs, the court **grants Plaintiff's**

motion for summary judgment, **ECF No. 15,** and reverses and remands for payment of benefits.

**JURISDICTION**

Schultz applied for supplemental security income (SSI) benefits September 13, 2006 and alleged onset beginning (as amended) on the same date (Tr. 23, 94-99). Benefits were denied initially and on reconsideration (Tr. 72-75, 77-79). ALJ R.J. Payne held a hearing August 26, 2008. Schultz and a psychologist testified (Tr. 22-69). The ALJ issued an unfavorable decision October 16, 2008 (Tr. 10-19). The Appeals Council denied review March 2, 2010 (Tr. 1-4). Schultz appealed. This Court granted summary judgment in Plaintiff's favor and ordered remand for further administrative proceedings (Tr. 526-50). The Appeals Council ordered remand February 2, 2012 (Tr. 551-53).

Two hearings after remand were held, on July 20 and November 20, 2012 (Tr. 468-94; Tr. 497-525). Schultz, represented by counsel, testified, as did medical and vocational experts. The ALJ issued an unfavorable decision January 17, 2013 (Tr. 443-459). December 20, 2013, the Appeals Council denied review (Tr. 403-06). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). February 20, 2014, Schultz filed this action for judicial review. ECF No. 1, 5.

Schultz filed a second application for SSI January 3, 2010, the amended date of onset (*see* Tr. 443, ¶3 and ECF No. 25 at 660). On March 10, 2011, ALJ Payne

issued a fully favorable decision on this later application (Tr. 555-62).

With respect to the instant application, the ALJ found the relevant period is the date of the application, September 13, 2006, through January 2, 2010, the day before the second and ultimately favorable second application was filed (Tr. 443). In this appeal Schultz agrees with the ALJ that these are the relevant dates. ECF No. 15 at 2, referring to Tr. 443.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Schultz was born September 16, 1961, making her 46 years old at the August 2008 hearing and 51 at the November 2012 hearing, the last hearing with respect to this application (Tr. 34, 498). Schultz lives with her five adult children on a rotating basis, last worked in 2006 providing in home health care and has undergone two back surgeries, in 1990 and 2007 (Tr. 33-34, 43, 110-11, 499-502, 506-07).

She can sit, stand and walk for fifteen minutes at a time and lift no more than ten pounds. She must lie down and rest fifteen minutes out of each hour (Tr. 50, 505-06). She testified she experiences fluctuating feelings of depression and anxiety (Tr. 50-51, 53, 508).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment

or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress limits the scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.

*Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**THE ALJ'S FINDINGS**

At step one, ALJ Payne found Schultz did not work at SGA levels after she applied for benefits on September 13, 2006 (Tr. 445). At steps two and three, he found Schultz suffers from degenerative disc disease (DDD) – lumbar and cervical spine; status post two laminectomy surgeries with a discectomy; bilateral

trochanteric bursitis; anxiety disorder NOS with features of post-traumatic stress disorder (PTSD); depressive disorder NOS; pain disorder associated with both psychological factors and a general medical condition, and history of alcohol abuse, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 445-46). The ALJ found Schultz less than fully credible (Tr. 451, 454). He found she is able to perform a range of sedentary work (Tr. 450). At step four, he found Schultz is able to perform past relevant work as a fast food worker and small products assembler (Tr. 457). Alternatively, at step five, the ALJ found Schultz can perform other jobs such as electronics, table and packing line worker (Tr. 458). Accordingly, the ALJ found Schultz was not disabled from September 13, 2006 through January 2, 2010 (Tr. 443).

## ISSUES

Schultz alleges the ALJ erred when he assessed credibility and weighed the medical evidence. ECF No. 15 at 14-19. The Commissioner asks the court to affirm, alleging the ALJ applied the correct legal standards and the decision is supported by substantial evidence. ECF No. 20 at 2.

## DISCUSSION

*A. Medical evidence*

Schultz alleges the ALJ should have credited the opinions of Reuben Breezy, M.D. (who testified at a hearing related to the later application), Daniel

Wiseman, M.D., Lawrence Vu, M.D., Jenna Nickels, PAC and Dennis Pollack, Ph.D. ECF No. 15 at 16-19. The Commissioner answers that the ALJ's reasons for rejecting some of these contradicted opinions are specific and legitimate. ECF No. 20 at 2, 8-18.

With respect to the ALJ's physical residual functional capacity, the Court notes the ALJ erred when he found Schultz is able to perform her past relevant work as a fast food worker (Tr. 457). The ALJ assessed an RFC for a range of sedentary work. The VE testified that the job of fast food worker requires an RFC for light work, which obviously exceeds the demands of a sedentary RFC (Tr. 450, 517). The error is harmless, however. The ALJ also found Schultz is able to perform her past job as small product assembler. Although this job is also classified as light, the VE testified Schultz described this work as sedentary as she actually performed it (Tr. 457, 518). This was sufficient.

Before the Court is able to reach Schultz's remaining allegations, however, it is necessary to consider the effect (if any) of the ALJ's favorable decision on the instant case.

Dr. Breezy testified at a hearing regarding the second (ultimately favorable) SSI application. The record of that hearing was not initially included in this Court's record. The record with respect to that application was limited to the ALJ's

favorable decision (Tr. 434-37; repeated at Tr. 559-62). The record of that hearing has now been filed. ECF No. 25.

Dr. Breezy opined Schultz's impairments met or equaled Listing 1.04A [based on nerve root compression and back and cervical spine conditions], as the ALJ noted in his favorable decision (Tr. 436, 561, 668-69). The ALJ found Schultz was disabled beginning January 3, 2010 (Tr. 561-562). Of note is Dr. Breezy's reliance on an MRI dated May 19, 2009 (Tr. 668 citing Exhibit B2F at page 20).

In the instant appeal Schultz alleges she "has shown that the listings were met" for purposes of the instant application. In support she cites (1) Dr. Breezy's determination that her impairments medically equal Listing 1.04A [citing to the ALJ's favorable decision at Tr. 561]; (2) the ALJ's reference in the favorable decision to "medical evidence from 2007 and 2008, which is within the period relevant to this claim" (Tr. 561) and (3) medical expert Dr. Wiseman's testimony in July 2012 that Schultz was "disabled at least for three to six months in the relevant time period." ECF No. 15 at 17 citing Tr. 476-77.

The Commissioner answers that the argument is waived for lack of specificity in the opening brief. ECF No. 20 at 15. Alternatively, the Commissioner responds that the ALJ's current step three finding is supported by substantial evidence that is not "displace[d]" by the ALJ's reference to "unspecified medical evidence from 2007 and 2008 in his March 2011 fully favorable decision." ECF

No. 20 at 18. As support the Commissioner cites the "entirely distinct periods of time" applicable to the favorable as opposed to the unfavorable ALJ decisions. ECF No. 20 at 17.

The relevant time frame for the decision before the Court is September 13, 2006 through January 2, 2010 (Tr. 443). The time frame relevant to the second application resulting in the favorable decision was January 3, 2010 through March 10, 2011 (Tr. 559). In support of the ALJ's step three finding in this case, the Commissioner points to the ALJ's reliance on an MRI showing no nerve root displacement in September 2006, clinical findings in November 2006 and June 2008, and Dr. Wiseman's 2012 testimony. ECF No. 20 at 16, referring to Tr. 176, 183-84, 310, 447, 476-77).

The Ninth Circuit has provided guidance as to when a case should be remanded to reconcile two different disability determinations. In *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), the plaintiff's initial disability application was denied on April 9, 1996, but a subsequent application for benefits was granted on February 26, 1999, finding plaintiff to be disabled as of April 10, 1996. *Id.* at 826–27. The court held that the district court did not err in denying the plaintiff's motion to remand and found that the differing outcomes were "not inconsistent," because the plaintiff's "second application involved different medical evidence, a different time period, and a different age classification." *Id.* at 827.

In *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010), the plaintiff's first disability application was denied on January 27, 2006, but a subsequent application for benefits was granted on August 20, 2007, and the plaintiff was found to be disabled as of January 28, 2006, “which is one day after the date [the plaintiff] was found not to be disabled based on her first application.” *Id* . at 1034. The Ninth Circuit affirmed the district court's remand of the case to permit the Commissioner to conduct further administrative proceedings to reconcile the different disability outcomes. *Id.* at 1033. The Ninth Circuit agreed with “the proposition that, ‘in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.’” *Id.* at 1034 (*citing Bradley v. Barnhart,* 463 F.Supp.2d 577, 580–81 (S.D.W.Va. 2006)). The Ninth Circuit found that because “[t]here was only one day between the denial of [the plaintiff]'s first application and the disability onset date specified in the award for her successful second application,” and there was “uncertainty” as to the medical evidence considered by the ALJ in the different decisions, “remand for further factual proceedings was an appropriate remedy.” *Id.* at 1035.

The question before this Court is whether remand is appropriate to reconcile the different disability outcomes in this case. In both *Luna* and *Bruton,* there was a

close proximity- *to wit*, one day--between the date through which the ALJ found the plaintiff to be not disabled based on her/his first application and the disability onset date specified in the second, successful application. Here, like *Luna* and *Bruton*, the date of the unfavorable subject decision lies in close proximity to the disability onset date specified in the favorable but earlier decision.

The Court next considers whether the favorable earlier decision was based on different medical evidence than that presented in connection with the unfavorable subject decision.

Dr. Breezy's testimony is straightforward. The ALJ clearly relied on it and on the May 2009 MRI in making the favorable determination (*see* Tr. 436). The MRI showed moderate to severe facet arthropathy at L4-5 and L5-S1 (Tr. 436, citing Ex. B13F/25, Tr. 667).

The record does not indicate that further consideration of the factual issues is appropriate to determine whether the outcome of the instant application should be different. This matter should, therefore, be remanded for an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1175–78 (9th Cir.2000) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

In the Court's view the record is unfortunately not particularly clarified by Dr. Wiseman's opinion. He testified at the July 20, 2012 hearing (the last hearing on the instant application), but his testimony is vague. The ALJ credited the opinion, in part, because Dr. Wiseman had the opportunity to review all of the evidence; however, it is unclear whether this included the evidence considered by the ALJ at the hearing on the second application (Tr. 453-54, 469-89).

There is, in addition to Dr. Breezy's testimony and the MRI dated May 19, 2009, substantial evidence Schultz was disabled from the date of the current application, September 13, 2006. Lawrence Vu, M.D., examined Schultz September 6, 2006. He opined a lumbar MRI was needed and assessed an RFC for sedentary work (Tr. 164-70). Richard Marks, M.D., examined Schultz in November 2006. He made an orthopedic referral and ordered an EMG (Tr. 189-90). Although treatment provider Jenna Nickels PAC notes pain complaints are "vague" in 2009, she opined Schultz is limited to sedentary work. Nickels did not have spinal images to review (Tr. 384). Dennis Pollack, Ph. D., evaluated Schultz in July 2008. He diagnosed pain disorder with both psychological factors and general medical condition. He opined she would have a marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace. He assessed a

moderate limitation in the ability maintain socially appropriate behavior and to adhere to basis standards of neatness and cleanliness (Tr. 283-93).

The evidence of physical and mental impairments make clear Schultz's disability.

*B. Credibility*

Schultz challenges the ALJ's credibility assessment. ECF No. 15 at 15-17; Tr. 451. Plaintiff's brief alleges that "[n]othing in the record supports the ALJ [sic] factual finding that Ms. Schultz babysat her grandchildren." ECF No. 15 at 16. She is incorrect.

On August 18, 2009, Schultz told treatment provider Ms. Nickels she "was off babysitting grandkids and this was [sic] somewhat made things a bit worse again because she was not able to go to PT [physical therapy]" (Tr. 387). The ALJ did not err in finding, based on the record of her own statement, that Schultz's activities included babysitting her grandchildren. This alone does not impeach her credibility. The ALJ also opined the objective medical evidence does not fully support the level of limitation claimed (Tr. 451-53). This is clearly erroneous.

**CONCLUSION**

After review the Court finds the ALJ's decision is not supported by substantial evidence and free of legal error. There are no issues that remain unresolved. Accordingly, remand for an immediate award of benefits is ordered.

**IT IS ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 15**, is **granted. The case is reversed and remanded for an immediate award of benefits**.

2. Defendant's motion for summary judgment, ECF No. 20, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff, and **CLOSE** the file.

DATED this 23rd day of December, 2014.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE