UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

LINDA LOU SCHULTZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No.  CV-14-00054-JPH

ORDER ON MOTION TO AMEND OR ALTER JUDGMENT

On January 20, 2015 defendant moved pursuant to Fed. R. Civ. P 59(e) to amend or alter the Court's judgment. ECF No. 29. The parties have consented to proceed before a magistrate judge. ECF No. 8. The Court considered the motion on the date signed below.

Previously the Court granted plaintiff's motion for summary judgment and reversed and remanded for an award of benefits. ECF No. 27. Defendant alleges this was error. She seeks remand for further proceedings. Specifically, defendant contends two issues remain unresolved: determining the onset date prior to January 3, 2010, and specifying the evidence showing continuous disability for twelve months, also before January 3, 2010. ECF No. 29.

The Court disagrees. These issues are resolved.

The medical expert who opined plaintiff met Listing 1.04A, Dr. Beezy, relied in part on

an MRI dated May 19, 2009 when he reached this conclusion. ECF No. 27 at 10, 13, Tr. 436, 561, 667-69. In the fully favorable March 2011 favorable decision, the ALJ found onset was January 3, 2010 (Tr. 561-62).

In the Court's view it is clear that the evidence supports an onset date of at least May 19, 2009 – the date of the MRI relied on by the doctor who opined plaintiff's impairments met the Listing. In challenging this finding the Commissioner unhelpfully cites test results *prior to* this MRI (in September 2006, November 2006 and June 2008, and a reviewing doctor's somewhat vague 2012 opinion). ECF No. 20 at 16, referring to Tr. 176, 183-84, 310 447, 476-77.

As the Court pointed out in its prior order, there is abundant evidence that, if properly credited, supports finding plaintiff disabled from the date of the application, September 13, 2006. *See* ECF No. 27 at 14-15. In addition, the need to lie down to alleviate pain was acknowledged by the ME who testified with respect to this application. The VE testified this limitation would render a person unable to work (Tr. 486-89, 506, 523-24). Onset beginning September 13, 2006 is the date supported by the evidence. Of particular note is that in addition to plaintiff's severe physical impairments, she also suffers several severe mental impairments -- acknowledged by the ALJ's step two finding and RFC for less than a full range of sedentary work.

Before a case may be remanded to the ALJ with instructions to award benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the

improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Even if those requirements are met, though, the court retains "flexibility" in determining the appropriate remedy. *Garrison v. Colvin*, 759 F.3d 995, 1020-21 (9th Cir. 2014); *see also Burrell v. Colvin*, ___ F.3d ___ , 2014 WL 7398892, at *7 (9th Cir. December 31, 2014)(same).

All three requirements are met. It is clear if the evidence (both plaintiff's testimony and the rejected medical opinions) are properly credited plaintiff is disabled. Remand for benefits is the appropriate remedy.

Accordingly, defendant's motion to amend or alter the Court's prior order, **ECF No. 29, is denied.**

I**T IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to counsel and close the file.

DATED this 6th day of February, 2015.

                                       *S/ James P. Hutton*

                                       JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE